THE STATE OF KANSAS v. THOMAS C. SMITH.

No. 10656.

EMBEZZLEMENT — *local agent of express company is an "agent" within statute concerning.* A person employed by an express company to take charge of its business at a local office, who receives and consigns express matter, collects charges thereon, keeps an account of the business of the office, makes reports thereof, and transmits balances of moneys received to the company for a commission on the receipts of the office, and is not bound to devote his whole or any particular portion of his time to the business of his employer, is an agent within the meaning of the second clause of § 88 of the Act Regulating Crimes and Punishments, and may be charged with, and convicted of, embezzlement thereunder.

*Appeal from Ford District Court.*
*Hon. Francis C. Price, Judge.*

AFFIRMED.                          OPINION FILED JANUARY 8, 1897.

*F. B. Dawes,* Attorney General, and *J. M. Kirkpatrick,* County Attorney, for the State.

*M. W. Sutton* and *Ed. H. Madison,* for appellant.

ALLEN, J.   The defendant was the local agent of the United States Express Company at Dodge City. He also acted as the station agent of the Rock Island Railway Company, and transacted the business of both companies in the same room.   As compensation for his services to the Express Company he received a commission of 10 per cent. on the net earnings of the express business of his office, and one-third of the charges on money-orders sold.   He was charged, under the second clause of section 88 of the Act Regulating Crimes and Punishments, with the embezzlement of $203.24 of money of the Express Company, which he neglected and refused to pay over to his employer on demand.   On this charge he was tried, con-

42—57 KAN.

victed, and sentenced to the penitentiary for a term of two years.

The contention by counsel for the appellant is, that he was a clerk or servant of the Express Company, rather than an agent, and this question was raised by a motion to quash the information, by objections to testimony, and by exceptions to the instructions given. The instruction mainly criticised is the 11th, which reads as follows :

"The Court instructs you that an agent is one who undertakes to transact some business, or to manage some affair, for another by authority and on account of the latter, and to render an account of it; and, in this case, if you find from the evidence beyond a reasonable doubt that the defendant was employed by the United States Express Company to take charge of and exercise control over the business of its express office, at Dodge City, Kansas, as charged in the information, and that, as such employe, it was his duty to receive and consign express from and over the said Company's lines at such point, to collect charges thereon, keep the books of the Company at said office, make reports to said Company, and issue and sell express money-orders, and collect and receive charges therefor, keep an account thereof, transmit balances, and make reports to the Company of his doings in that particular, and to maintain an office in said city for said purpose, and that, under the terms of such employment, the defendant did, in fact, take charge of the said Company's office at said city, and did, in fact, under the authority of said Company consign and receive express from and over the said Company's lines at said point, collect charges thereon, make reports to said Company, issue and sell express money-orders, collect and receive charges therefor, and did keep an account thereof, have charge and control of said office and the books and business thereof, under the management and direction of said Company, and that, under the terms of his employment, he was to and did receive as his full and only

compensation for services rendered said Express Company 10 per cent. of the charges on consignments, and one-third of the charges on money-orders, then the Court instructs you that the defendant would be the agent of the United States Express Company within the meaning of the statute under which this prosecution is brought.''

It is urged that, under the authority of *The State v. Yeiter*, 54 Kan. 277, the defendant was a servant rather than an agent. It is, perhaps, somewhat unfortunate that the Legislature has made a distinction between embezzlement by clerks and servants and by agents, for it is a matter of extreme difficulty in many cases to determine which is the more proper term to designate the relation existing between employer and employee. Both agents and servants transact business for an employer for hire. Both are subject in a greater or less degree to the management, direction, and control of the master or principal. It would be extremely hazardous to attempt definitions of the words so comprehensive as to furnish guides for the determination of every case. There are, however, many cases which can be readily assigned to the one class or the other. We apprehend that very few people would speak of an express agent, such as the defendant in this case was, as either a clerk, or a servant, of the express company ; though, perhaps, if so designated in a pleading where it was sought to charge his employer with liability for his acts, no difficulty would be found, for a clerk or servant is often designated as agent, and an agent is, in a sense, a servant. Persons who perform such services as the defendant performed for the Express Company are, however, almost invariably spoken of as express agents. While they are bound to follow and obey the rules and directions of the company, they

are not under the immediate and continual direction and control of the employer. They are required to attend to certain business of the company, but as to the particular time and manner of attending to each part of it the agent determines for himself. His possession of the money he receives for his employer is exclusive until he delivers it to some other person authorized by the company to receive it. With reference to the custody of funds, the case is clearly distinguishable from that of a clerk who works in the store or bank of his employer, and who places all the money he receives in the till to which the employer has at all times direct access. The defendant in this case received moneys from time to time from the patrons of the Express Company. It was his duty to keep an account thereof, to report the same to the company, and at stated intervals to remit the amount due the company, less his commissions. The instruction quoted contains a summary of the duties of the defendant under his employment; and, we think, a person who undertakes to discharge such duties is clearly an agent within the meaning of the statute, as well as within the ordinary meaning of the term; and that, if he refuses to deliver the moneys in his hands, due to his employer after deducting his commissions, where they have not been lost by means beyond his control, and where he has not been permitted by his employer to use them, he is guilty of embezzlement under the second clause of the section of the statute cited. *The State v. Bancroft*, 22 Kan. 170; *Campbell v. The State*, 35 Ohio St. 70.

The judgment is affirmed.

All the Justices concurring.